IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
             Plaintiff,      )         8:02CR419
                             )
    v.                       )
                             )
JEVAUGHN D. ERWIN,           )         MEMORANDUM OPINION
                             )
             Defendant.      )
_____)
```

This matter is before the Court on defendant's timely motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 (Filing No. 130). The Court is also in receipt of the government's response to the motion (Filing No. 136) and the defendant's traverse (Filing No. 137). For the reasons set forth herein, the Court finds that the defendant's motion should be denied.

### BACKGROUND

On December 18, 2002, a two-count indictment was filed in the United States District Court for the District of Nebraska naming Jevaughn D. Erwin ("Erwin") as a defendant. Count I of the indictment charged Erwin with conspiracy to distribute and possess with intent to distribute crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), and 846. Count II is not at issue here. A superseding indictment was filed on July 22, 2004, charging Erwin with conspiracy to distribute and to possess with intent to

distribute 50 grams or more of crack cocaine in violation of the aforementioned statutes, broadening the time period of the conspiracy to January 1, 1998, through August 27, 2003, and making the further factual findings that Erwin conspired to distribute and possess with intent to distribute more than 1.5 kilograms of crack cocaine and that he possessed a dangerous weapon during the commission of the offense.

Erwin waived his right to trial by jury and proceeded to trial before this Court on September 14, 2004 (Filing No. 60). At the close of all the evidence, this Court found Erwin guilty of the conspiracy charged in Count I of the superseding indictment and entered judgment on February 15, 2005 (Filing No. 94.)  The Court found that Erwin should be held responsible for at least 350 grams but less than 500 grams of crack cocaine, and also that Erwin possessed a gun while involved in the conspiracy (Tr. 279:6-14.)

On direct appeal, Erwin argued that the evidence presented at trial was insufficient to convict him because it was composed predominantly of the testimony of witnesses who were not credible.  The United States Court of Appeals for the Eighth Circuit affirmed his sentence on April 12, 2006.  On May 23, 2007, Erwin filed his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 130).  This is his first petition pursuant to § 2255.

**DISCUSSION**

Mr. Erwin seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).  Erwin claims that despite his direction, his trial counsel, John Velasquez, failed to call the following witnesses in his defense: Lamar Bass, Kathy Nelson, and Billy Davis, and that as a result he was wrongfully convicted of conspiracy to distribute narcotics as well as a sentencing enhancement for use of a weapon.  Erwin also claims that his appellate counsel, Glenn Shapiro, was ineffective because in his appeal, Shapiro failed to include Erwin's argument that this Court failed to apply an intervening change of law to his case, namely *Crawford v. Washington*, 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354 (2004).

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  This right to counsel is "the right to effective assistance of counsel."  *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)).  An ineffective assistance of counsel claim has two components:

-3-

(1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Id.* at 687.

The Court finds that Erwin fails to demonstrate prejudice. To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence. *Id.* at 695.

With respect to Erwin's claim that trial counsel was ineffective, even if all three witnesses Erwin faults Velasquez for not calling had in fact been called and testified as he suggests, the result of the proceeding would not have been different. Lamar Bass would have had little credibility to begin with because witnesses Jackson, Jones, and Birdine testified that

he sold crack cocaine with Erwin.  Bass would then have been impeached by the proffer interview he gave the government on January 30, 2003, in which he stated that "he was present and observed [Erwin] sell quantities of crack cocaine" and that Erwin "routinely carries a chrome .357 handgun with him at all times." (Pl.'s Resp. to Def.'s Mot., Ex. A at 2 ¶ 1; Filing No. 136.) Kathy Nelson states in her affidavit that she has never known Erwin to sell crack or seen him with a gun (Nelson Aff. 1 ¶¶ 3, 5, Pl.'s Mot. to Vacate, Set Aside or Correct Sentence, Ex. B; Filing No. 130.)  However, at most Ms. Nelson's testimony would have established that these things never happened in her presence.  This would not be enough to create a reasonable doubt in the mind of a factfinder, especially since this testimony does not contradict the many witnesses who testified to Erwin's drug sales and gun possession.  Billy Davis's testimony would also not have altered the outcome.  Even if Davis had testified that he had been acquitted and that Officer Gassaway was vindictive, this is not enough evidence for the Court to find that Gassaway fabricated the case against Erwin.  Thus, even if Erwin's counsel had called all of the witnesses Erwin wished, or any combination of them, the result of the proceeding would have been the same. Moreover, whether to call a particular witness or not is a strategic decision.  "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is

not successful." *James v. Iowa,* 100 F.3d 586, 590 (8th Cir. 1996).

With respect to the claim that appellate counsel was ineffective, Erwin similarly fails to show prejudice. Erwin argues that a statement made by Officer Hinchey that Cathy Nelson told him the gun found under her couch belonged to Erwin (Tr. 206:6-9) violated his rights under the Confrontation Clause because Ms. Nelson was not called as a witness. However, it was Erwin's counsel who elicited this testimony on cross examination, not the government. This is not the type of concern the Confrontation Clause addresses and therefore the Court finds that counsel was not ineffective when he chose not to raise this issue in his brief. The Court need not address whether the elicitation of this testimony itself constituted ineffective assistance because this issue would not have affected the outcome since other evidence at trial clearly established Erwin's possession of firearms.[1] Because Erwin has failed to demonstrate prejudice, the Court finds his claims of ineffective assistance of counsel must fail. *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir.

---

[1] Police found a loaded handgun protruding from a couch near Erwin's head when they arrested him (Tr. 200:21-201:9; 202:16-203:1; Ex. 11). William Hawkins testified that Erwin was armed with a gun during at least one of their transactions (Tr. 52:22-53:10). Darrow Fowler testified that Erwin carried either a .357 or .44 handgun during their drug transactions (Tr. 133:13-134:7). Kevin Birdine testified that Erwin pointed two guns at his face and that Erwin carried a gun while dealing drugs (Tr. 180:1-180:7; 184:6-21).

1996)(holding failure to demonstrate prejudice may be dispositive of an ineffective assistance of counsel claim, and where there is such a failure, the Court need not address the deficient performance prong).

## CONCLUSION

For the foregoing reasons, the defendant's § 2255 motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court